United States District Court
Southern District of Texas
**ENTERED**
September 19, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AGUSTIN CALDERON, TDCJ #2200225, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-21-0812 |
| ASSISTANT WARDEN T. HUTTO, et al., | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

State inmate Agustin Calderon filed a Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), alleging that Defendants Tanisha Austin, Caleb Brumley, Dr. Garciela Ortiz, Jeffrey Richardson, and Bobby Rigsby failed to protect him from harm at the Estelle Unit. Calderon, who proceeds pro se and in forma pauperis, has also filed a More Definite Statement ("Plaintiff's MDS") (Docket Entry No. 8), which provides additional details about his claims. As part of the screening process required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, the court considered an *Amicus Curiae* Martinez Report with administrative records under Martinez v. Aaron, 570 F.2d 317 (10th Cir. 1978) (Docket Entry No. 19), before requesting an answer from the above-referenced defendants (Order of Partial Dismissal and Request for Answers ["Order of Partial Dismissal"], Docket Entry No. 26).

Now pending is Defendants Austin, Brumley, Ortiz, Richardson, and Rigsby's Motion for Summary Judgment Limited to the Defense of Exhaustion of Administrative Remedies ("Defendants' MSJ") (Docket Entry No. 36). In response, Calderon has filed "Plaintiff Agustin Calderon Answering Defendants' Motion for Summary Judgment [Due] to 'Genuine Issues'" ("Plaintiff's Response") (Docket Entry No. 38), arguing that his failure to exhaust should be excused. Calderon has also filed a Motion to Stay Summary Judgment ("Motion to Stay") (Docket Entry No. 37) for purposes of seeking discovery related to the merits of his claims. After considering all of the pleadings, the exhibits, and the applicable law, the court will deny Calderon's Motion to Stay and will grant Defendants' MSJ for the reasons explained below.

## I. Background

Calderon is presently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") where he is serving a sentence of life without parole.[1] Although the record reflects that Calderon is now assigned to the Wainwright Unit,[2] his Complaint stems from an incident that occurred on

---

[1] See Calderon v. State, No. 01-18-00422-CR, 2019 WL 6904297 (Tex. App. — Houston [1st Dist.] Dec. 19, 2019, pet ref'd).

[2] Letter, Docket Entry No. 24, p. 1 (detailing Calderon's assignment to the Estelle Unit in December 2020 and subsequent transfer to the Wainwright facility, formerly known as the Eastham Unit). For purposes of identification all page numbers refer to the pagination imprinted by the court's Electronic Case Filing ("ECF") system.

February 15, 2021, when he was attacked by his cellmate ("Mr. Trejo") at the Estelle Unit in Huntsville.³ Calderon reportedly sustained numerous cuts and scratches to his head, face, right elbow, and right knee.⁴ Calderon also received a disciplinary case for "fighting" as a result of the altercation.⁵

Calderon contends that he advised several officials at the Estelle Unit that he had been threatened by his cellmate before the altercation occurred, but they failed to move him to another cell.⁶ Calderon alleges that the following defendants failed to protect him from harm in violation of the Eighth Amendment: Senior Warden Jeffrey Richardson, Captain Tanisha Austin, Major Caleb Brumley, Major Bobby Rigsby, and Dr. Garciela Ortiz.⁷ He seeks injunctive relief in the form of an order directing the defendants to consider his safety at all times.⁸ He also seeks a declaratory judgment and "[a]ny additional relief this court deems just proper and equitable."⁹

---

³Complaint, Docket Entry No. 1, p. 2.

⁴Id. at 3.

⁵Plaintiff's MDS, Docket Entry No. 8, p. 5.

⁶Complaint, Docket Entry No. 1, pp. 2-4.

⁷Plaintiff's MDS, Docket Entry No. 8, pp. 7-9.

⁸Complaint, Docket Entry No. 1, p. 6.

⁹Id. at 6-7. Although Calderon also asks the court to overturn his disciplinary case, the claims concerning his disciplinary conviction were dismissed previously along with claims against Assistant Warden T. Hutto. See Order of Partial Dismissal, Docket Entry No. 26, pp. 5-6.

The defendants move for summary judgment arguing that this case is barred by a mandatory provision found in the PLRA, 42 U.S.C. § 1997e(a), because Calderon failed to exhaust available administrative remedies regarding his claims against them before filing his Complaint.[10] Calderon has filed a response, and he also requests a stay of these proceedings so that he can conduct discovery to obtain photographs and video recordings that were taken after the altercation with his cellmate occurred.[11] These arguments are examined below under the applicable standard of review.

## II.  Standard of Review

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Under this rule a reviewing court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2021); see also Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986). A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986). An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. Id.

---

[10]Defendants' MSJ, Docket Entry No. 36, pp. 4-6.

[11]Plaintiff's Response, Docket Entry No. 38, pp. 1-2; Motion to Stay, Docket Entry No. 37, pp. 1-2.

In deciding a summary judgment motion, the reviewing court must view all facts and inferences in the light most favorable to the nonmovant and resolve all factual disputes in his favor. See Shah v. VHS San Antonio Partners, L.L.C., 985 F.3d 450, 453 (5th Cir. 2021). If the movant demonstrates an "absence of evidentiary support in the record for the nonmovant's case," the burden shifts to the nonmovant to "come forward with specific facts showing that there is a genuine issue for trial." Sanchez v. Young County, Texas, 866 F.3d 274, 279 (5th Cir. 2017) (citing Cuadra v. Houston Indep. Sch. Dist., 626 F.3d 808, 812 (5th Cir. 2010)). The nonmovant cannot avoid summary judgment by resting on his pleadings or presenting "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." Jones v. Lowndes County, Mississippi, 678 F.3d 344, 348 (5th Cir. 2012) (citation and quotation marks omitted); see also Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (a nonmovant cannot demonstrate a genuine issue of material fact with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence).

The plaintiff represents himself in this case. Courts are required to give a pro se litigant's contentions a liberal construction. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (per curiam) (citation omitted). Nevertheless, a pro se litigant is not excused from meeting his burden of proof of specifically referring to evidence in the summary judgment record and setting

forth facts showing that there is a genuine issue of material fact remaining for trial. See Outley v. Luke & Associates, Inc., 840 F.3d 212, 217 (5th Cir. 2016).

### III. Discussion

#### A. Plaintiff's Motion to Stay

Calderon has requested a stay of these proceedings so that he can seek discovery.[12] Specifically, Calderon seeks discovery of photographs taken of his face after the altercation with his cellmate occurred and a video recording that was reportedly made while Calderon was being escorted to the prison infirmary.[13] Calderon requests a continuance to seek discovery of these items to establish the extent of his injuries.[14]

Motions to suspend summary judgment for purposes of discovery, which are governed by Rule 56(d) of the Federal Rules of Civil Procedure, are "broadly favored and should be liberally granted" because the rule is designed to "safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." Culwell v. City of Fort Worth, 468 F.3d 868, 871 (5th Cir. 2006). Nevertheless, to obtain a continuance the party opposing summary judgment must demonstrate to the court "specifically how the requested discovery pertains to the pending motion," Wichita Falls

---

[12]Motion to Stay, Docket Entry No. 37, p. 1.

[13]Id.

[14]Id. at 2.

Office Associates v. Banc One Corp., 978 F.2d 915, 919 (5th Cir. 1992), by explaining "how the additional discovery will create a genuine issue of material fact." Krim v. BancTexas Group, Inc., 989 F.2d 1435, 1442 (5th Cir. 1993) (emphasis in original). A party requesting such a continuance "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." Securities and Exchange Commission v. Spence & Green Chemical Co., 612 F.2d 896, 901 (5th Cir. 1980). The party seeking additional time must "'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'" Raby v. Livingston, 600 F.3d 552, 561 (5th Cir. 2010) (citation omitted); see also American Family Life Assurance Co. of Columbus v. Biles, 714 F.3d 887, 894 (5th Cir. 2013) (per curiam).

The discovery that Calderon seeks relates to the merits of his claim that he was injured during the altercation with his cellmate and that the defendants failed to protect him from harm. Calderon does not demonstrate that the requested discovery pertains to the pending summary judgment motion or that the evidence he seeks would raise a genuine issue of material fact regarding the only issue pending before the court, which is limited to whether Calderon exhausted administrative remedies as required before filing this lawsuit. Therefore, Calderon's Motion to Stay will be denied.

B.  **Exhaustion of Administrative Remedies**

The defendants argue that Calderon failed to properly exhaust administrative remedies, which is an affirmative defense.[15] See Jones v. Bock, 127 S. Ct. 910, 921 (2007); Herschberger v. Lumpkin, 843 F. App'x 587, 590 (5th Cir. 2021) (emphasizing that "the failure to exhaust administrative remedies is an affirmative defense and must generally be pled by defendants in order to serve as the basis for dismissal") (citations omitted). This case is governed by the PLRA, 42 U.S.C. § 1997e(a), which provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Because this requirement is mandatory, Calderon was required to exhaust administrative remedies before filing his lawsuit about the conditions of his confinement. See Woodford v. Ngo, 126 S. Ct. 2378, 2382-83 (2006) (citing Porter v. Nussle, 122 S. Ct. 983, 988 (2002); Booth v. Churner, 121 S. Ct. 1819, 1825 (2001)); see also Jones, 127 S. Ct. 918-19 (confirming that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

TDCJ has a formal two-step administrative grievance process. See Johnson v. Johnson, 385 F.3d 503, 515 (5th Cir. 2004). A Step 1 grievance, which is reviewed by officials at the inmate's

---

[15]Defendants' MSJ, Docket Entry No. 36, pp. 4-6.

-8-

assigned facility, must be filed within fifteen days of the alleged incident or challenged event. See id. at 515. Once an inmate receives a response to his Step 1 grievance, he then has ten days to file a Step 2 grievance to appeal an unfavorable result at the state level. See id. A Texas prisoner must pursue a grievance through both steps to satisfy the exhaustion requirement. See id. Substantial compliance with this process is not enough to exhaust remedies under the PLRA. See Dillon v. Rogers, 596 F.3d 260, 268 (5th Cir. 2010) ("Under our strict approach, we have found that mere 'substantial compliance' with administrative remedy procedures does not satisfy exhaustion . . .").

The altercation that forms the basis of Calderon's Complaint took place on February 15, 2021.[16] Three days later on February 18, 2021, Calderon submitted a Step 1 grievance about the incident.[17] The grievance was returned to Calderon on March 3, 2021, after an administrative investigation determined that there was a physical altercation between the two inmates, but "no evidence" to support Calderon's claim that he was assaulted by his cellmate with a razor or electrical cord as Calderon had alleged.[18] Calderon filed a Step 2 grievance to appeal the result on March 7, 2021, which was

---

[16]Complaint, Docket Entry No. 1, p. 2.

[17]Step 1 Grievance #2021072717, Exhibit A to Defendants' MSJ, Docket Entry No. 36-2, p. 6 (Bates Def 559), and continued at Docket Entry No. 36-3, p. 1 (Bates Def 560).

[18]Step 1 Grievance #2021072717, Exhibit A to Defendants' MSJ, Docket Entry No. 36-3, p. 1 (Bates Def 560).

denied on April 6, 2021, after state administrative officials concluded that there was no evidence to substantiate Calderon's allegations, but that "a housing change was granted to alleviate any potential issues."[19]

Because the record confirms that Calderon filed his Complaint on March 11, 2021, before his remedies were exhausted on April 6, 2021, the defendants correctly note that he failed to comply with the exhaustion requirement found in 42 U.S.C. § 1997e(a), which mandates exhaustion before suit is filed.[20] Although administrative review of Calderon's Step 2 grievance was completed after he filed his Complaint, the Fifth Circuit has held that it is "irrelevant" whether exhaustion is achieved while a prisoner's lawsuit is pending because "pre-filing exhaustion" is "mandatory." Gonzalez v. Seal, 702 F.3d 785, 788 (5th Cir. 2012). The Fifth Circuit has further emphasized that "[d]istrict courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint." Id. Therefore, a case "must be dismissed if available administrative remedies were not exhausted." Id.

Calderon argues that he was not required to exhaust, or that his failure to exhaust remedies should be excused, because he was

---

[19]Step 2 Grievance #2021072717, Exhibit A to Defendants' MSJ, Docket Entry No. 36-9, pp. 1-2.

[20]The Complaint, which was stamped received by the Clerk's Office on March 11, 2021, was dated and signed by Calderon on March 10, 2021. See Complaint, Docket Entry No. 1, pp. 1, 7.

in imminent danger of physical injury when he filed his Complaint and was seeking an "Emergency Preliminary Injunction" for safekeeping, which was not available through the administrative remedy process.[21] The Supreme Court has rejected such an argument, making clear that the exhaustion requirement applies to all lawsuits concerning prison life, see Porter, 122 S. Ct. at 992, and that exhaustion is a prerequisite to a prisoner's suit regardless of the relief offered through prison administrative procedures. See Booth, 121 S. Ct. at 1825. Because the exhaustion requirement is mandatory under the PLRA, a district court may not excuse a prisoner's failure to exhaust available administrative remedies before filing suit, even to take "special circumstances" into account. See Ross v. Blake, 136 S. Ct. 1850, 1856-57 (2016).

Moreover, Calderon does not allege facts showing that he was in imminent danger of further harm from his cellmate when he filed his Complaint or that an exception to the exhaustion requirement would be warranted in this instance. The defendants provide records from the grievance investigation, which show that Calderon and his cellmate were placed in separate cells after the altercation, pending disciplinary charges for fighting.[22] Calderon admits that he was in segregated confinement when he filed his

---

[21]Plaintiff's Response, Docket Entry No. 38, pp. 2, 10-12.

[22]TDCJ Inter-Office Communication, Exhibit A to Defendants' MSJ, Docket Entry No. 36-3, p. 8.

Step 1 and Step 2 grievances after the altercation occurred.[23] As state administrators observed when processing Calderon's Step 2 grievance, a housing change was granted following the altercation.[24] Shortly after his Step 2 grievance was adjudicated, Calderon was transferred from the Estelle Unit to another facility on April 20, 2021.[25]

Based on this record Calderon does not demonstrate that the administrative remedy process was unavailable or that he was not required to exhaust the TDCJ administrative remedy process before his Complaint was filed. Because Calderon did not exhaust available administrative remedies as required before filing suit and his failure to do so may not be excused, this action must be dismissed for failure to comply with 42 U.S.C. § 1997e(a). Therefore, Defendants' MSJ will be granted.

### IV.  Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. Defendants Austin, Brumley, Ortiz, Richardson, and Rigsby's Motion for Summary Judgment Limited to the Defense of Exhaustion of Administrative Remedies (Docket Entry No. 36) is **GRANTED**.

---

[23] Plaintiff's Response, Docket Entry No. 38, p. 4.

[24] Step 2 Grievance #2021072717, Exhibit A to Defendants' MSJ, Docket Entry No. 36-9, pp. 1-2.

[25] Plaintiff's MDS, Docket Entry No. 8, p. 9. Calderon's transfer from the Estelle Unit to another facility renders his claims for injunctive and declaratory relief moot. See Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002); Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001).

2. Plaintiff's Motion to Stay Summary Judgment (Docket Entry No. 37) is **DENIED**.

3. This civil action will be dismissed without prejudice for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 19th day of September, 2022.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE